[L. A. No. 4840. In Bank.—April 7, 1920.]

L. P. LOWE, Plaintiff, v. LOS ANGELES SUBURBAN GAS COMPANY et al., Defendants; CAROLINE W. DOBBINS, Respondent; ECONOMIC GAS COMPANY, Appellant.

[1] GAS CORPORATIONS—FORECLOSURE SALE OF PART OF DISTRIBUTING SYSTEM—PURCHASER NOT ENTITLED TO POSSESSION.—The purchaser at the foreclosure sale of part of the plant of a public utility company engaged in supplying gas to the inhabitants of a municipality, who has no franchise to engage in the gas business and who would be required to have such franchise in order to do so, is not entitled to a writ of assistance to be put into possession of the portion of the property consisting of part of the company's distributing pipe-line system, for the reason that the gas company could not be dispossessed of a part of its plant necessary for service to the public in favor of one who could not in turn render that same service.

[2] ID.—REAL PROPERTY AND GAS-GENERATING PLANT—RESERVATION FOR EMERGENCIES—PURCHASER NOT ENTITLED TO POSSESSION.— The purchaser at the foreclosure sale of part of the plant of a public utility company engaged in supplying gas to the inhabitants of a municipality is not entitled to a writ of assistance to be put into possession of real estate upon which there was a gas-generating plant connected with the distributing system, although such plant was not usually operated and in fact had not been operated for a year, where it had not been dismantled or discarded, but was held in readiness as an auxilliary or stand-by plant in case the supply of natural gas should fail or be ·interrupted.

APPEAL from an order of the Superior Court of Los Angeles County granting a Writ of Assistance under a decree of foreclosure and sale. Curtis D. Wilbur, Judge. Reversed.

The facts are stated in the opinion of the court.

John E. Biby and Chickering & Gregory for Appellant.

Porter & Sutton, W. N. Goodwin and Goodwin & Morgrage for Respondent.

OLNEY, J.—This is a companion case to *Dobbins* v. *Economic Gas Co., ante,* p. 616, [189 Pac. 1073]. The proceedings here involved are proceedings for a writ of assistance under the foreclosure decree and sale discussed at length in that case. For the purposes of this appeal it is sufficient to say that the respondent, Mrs. Dobbins, was the purchaser of certain property sold upon the foreclosure of a mortgage, that no redemption was made, and after the time for redemption had expired Mrs. Dobbins applied for a writ of assistance against the Economic Gas Company to put her in possession of the property purchased; that the application was granted as to part of the property and denied as to part, and from the order granting the application in part the Economic Gas Company appeals.

Many of the questions discussed are the same as those presented in the companion case and there decided. There is but one point which need be considered here. The Economic Gas Company is a public utility company engaged in the business of supplying gas in the city of Los Angeles. The property foreclosed upon and sold to Mrs. Dobbins was a part of its plant. The gas supplied by the company is natural gas and a portion of the property sold was part of the company's distributing pipe-line system. As to this the writ of assistance was denied. The remainder of the property consisted of certain real estate upon which there was a gas-generating plant connected with the distributing system. Since the normal supply of the company was natural gas this plant was not usually operated, and, in fact, had not been operated for a year at the time the application for a writ of assistance was heard. It had, however, not been dismantled or discarded, but was held in readiness as an auxiliary or stand-by plant in case the supply of natural gas should fail or be interrupted. As to this property the writ of assistance was granted, and it is the propriety of this action that is in question on this appeal.

[1] The purchaser, Mrs. Dobbins. has no franchise to engage in the gas business and would be required to have such franchise in order to do so.  The writ of assistance was denied as to the property forming part of the gas company's distributing system upon the ground that the company could not be dispossessed of a part of its plant necessary for service to the public in favor of one who could not in turn render that same service.  The propriety of this and the general rule upon which the refusal is based are not contested by the respondent, and, in fact, could not well be.  The rule is well settled.  (*Gue* v. *Canal Co.*, 24 How. 257, [16 L. Ed. 635, see, also, Rose's U. S. Notes]; *Connor* v. *Tennessee etc. Co.*, 109 Fed. 931, [54 L. R. A. 687, 48 C. C. A. 730; *Visalia Gas etc. Co.* v. *Sims*, 104 Cal. 326, [43 Am. St. Rep. 105, 37 Pac. 1042].)

[2] The order granting the writ as to the real property and the generating plant is attempted to be justified only upon the ground that this portion of the gas company's plant is not necessary for the continuance of its service.  This is true in the sense that the service would probably go on without immediate interruption even if the generating plant were disconnected.  But the continued maintenance of it as a stand-by plant ready in case of interruption of the normal supply is a proper safeguard and a necessary one if the public interest is to be fully protected.  We have no doubt, for example, that if the company itself should desire to disconnect and dismantle the plant the railroad commission would have ample authority to and would forbid it unless some other plant performing a similar function were substituted for it.  The public has a direct and immediate interest in its continued maintenance, and while such interest is not as great as it would be if it were the usual source of supply, the difference is but one of degree.  The direct and immediate public interest is there and is substantial and this being the case, the possession of the plant and the right to operate it cannot be taken from the company and possession given to one who has not the right to use it for the public.

Order reversed.

Shaw, J., Angellotti, C. J., Lennon, J., and Lawlor, J., concurred.